IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
Plaintiff-Appellee, )
)
)
v. ) No. 07-10045-JTM
)
)
MARTIN A. WICKEN, )
Defendant-Appellant. )
_____ )

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Martin A. Wicken's 28 U.S.C. § 2255 motion. The court denies the motion, as it seeks to assert rights Wicken explicitly waived in his plea agreement.

On March 6, 2007, the defendant was indicted on two charges: (1) possession with the intent to distribute a substance containing methamphetamine and (2) felon in possession of a firearm. (Dkt. No.1). On May 21, 2007, the defendant entered into a plea agreement with the United States in which he agreed to plead guilty to the felon in possession charge. (Dkt. No. 15). In exchange, the United States agreed to dismiss the drug charge. The plea agreement was reduced to writing, and defendant filed a written petition to enter a guilty plea. (Dkt. No. 14).

The court engaged the defendant in an extensive colloquy prior to accepting his plea. Only after the court was satisfied that the defendant entered into the plea agreement and made his plea knowingly, freely and voluntarily, did the court accept the plea. The defendant was classified as an

armed career criminal, and on August 13, 2007, the court sentenced him to the statutory minimum of 180 months imprisonment.

The defendant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on August 18, 2008. (Dkt. No. 23). The motion was filed within the one year statute of limitations provided by 28 U.S.C. § 2255.

Paragraph 110 [sic] of the plea agreement provides:

**110 [sic]     Waiver of Appeal and Collateral Attack**

Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. *The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255* [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a). [emphasis added]

The court engaged the defendant in its standard, extensive plea colloquy, which includes special attention to waiver of appellate rights. There was no indication that the defendant entered into the plea agreement, including the appeal waiver, and pleaded guilty other than freely and voluntarily.

The defendant did not allege in his 28 U.S.C. §2255 motion that his counsel was ineffective in negotiating the appeal waiver.

The Tenth Circuit has held that a defendant's waiver of his appellate rights, including habeas relief, is binding so long as (1) the scope of the waiver covers the present appeal, (2) the waiver was knowing and voluntary, and (3) enforcement of the wavier would not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). Further, a §2255 motion based on ineffective assistance of counsel implicates a miscarriage of justice only if the ineffective assistance is "in connection with the negotiation of the waiver" of the appellate waiver. *Id.* at 1327. "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

*Cockerham* holds that "there appear to be two critical components to determining whether the right to collateral relief survives a waiver. The first is whether there is any basis for a claim of ineffective assistance of counsel, and the second is whether that ineffectiveness claim pertains to the validity of the plea." *Id.* at 1187.

In support of his 28 U.S.C. § 2255 motion, defendant asserts (1) "petitioner is actually and factually innocent of being an ex-felon in possession of a firearm . . . because the state of Kansas fully and completely restores civil rights upon termination of sentence;" (2) "district court exceeded its statutory authority when it sentenced [p]etitioner under the career criminal or armed career criminal act because the predicate offense used by the district court could not be legally counted strikes under either act because all but one constituted commercial burglaries which are not

3

prohibited by federal law;" (3) "the court lacked subject matter jurisdiction to sentence [p]etitioner under the armed career criminal act because [p]etitioner was not indicted as to the penalty provisions of 18 USC § 924(e)(1)" and (4)"[p]etitioner was denied effective assistance of counsel at all stages of the trial proceedings herein for not making these arguments at trial."

With respect to his first assertion, defendant argues that "Kansas fully and completely restores civil rights upon termination of sentence" citing *U.S. v. Dupaquiere*, 74 F.3d 615 (5th Cir. 1996) as his support. However, *Dupaquiere* concerns the restoration of rights in Louisiana. For purposes of 18 U.S.C. § 922(g)(1), Kansas does not restore the right of a convicted felon to possess firearms upon completion of his or her sentence. *U.S. v. Jones*, 390 F.3d 1291 (10th Cir. 2004). As the 10th Circuit noted in *Jones*, the district court correctly recognized that K.S.A. §21-4204, making it illegal for persons convicted of crimes to possess firearms in Kansas, overrides a general restoration of civil rights statute for purposes of 18 U.S.C. § 922(g)(1). The restoration-of-civil-rights provision of § 921(a)(20) does not apply unless the restored rights include the right to possess a firearm. Defendant's attorney's failure to raise this argument is not ineffective assistance.

Defendant next claims that "the district court exceeded its statutory authority . . . because all but one constituted commercial burglaries which are not prohibited by federal law," citing *U.S. v. Gottlieb*, 140 F.3d 865 (10th Cir. 1988) and *Shepard v. U.S.*, 544 U.S. 13 (2005), in support, but neither of these authorities support defendant's claim. More significantly, the Tenth Circuit, quoting the United States Supreme Court in *Taylor v. United States*, 495 U.S. 575, 599 (1990), has recognized explicitly that a commercial burglary is a "violent felony under the Armed Career Criminal Act." *U.S. v. King*, 422 F.3d 1055, 1057 (10th Cir. 2005), *cert denied,* 546 U.S. 1120 (2006). Defense counsel's failure to make this argument is not ineffective assistance of counsel.

Defendant next claims that "the court lacked subject matter jurisdiction . . . because [p]etitioner was not indicted as to the penalty provision of 18 USC 924(e)(1) [sic]" but offers no support for this position. The Tenth Circuit has addressed this very issue, holding that the government need not charge "the 'fact' of a prior conviction in an indictment." *U.S. v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005). Failure to raise this argument does not constitute ineffective assistance of counsel.

Defendant's ineffective assistance arguments fail to satisfy the requirements set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). His counsel's performance neither fell below an objective standard of reasonableness nor resulted in actual prejudice to him.

The court finds (1) defendant's guilty plea and waiver of rights were valid; (2) defendant specifically agreed to waive his right to collaterally attack the conviction and sentence in this case (Dkt. No.15 at ¶110); (3) the defendant's waiver of his right to collaterally attack the conviction and sentence in this case was knowing and voluntary and, therefore, valid; and (4) enforcement of the waiver does not result in a miscarriage of justice.

The court hereby dismisses the defendant's 28 U.S.C. §2255 motion for the reasons stated herein. Further, the court declines defendant's request for a certificate of appealability.

IT IS THEREFORE ORDERED this 18th day of February, 2009, that defendant's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is accordingly denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE