IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,
Plaintiff-Appellee,


v.                                                                                   No. 07-10045-JTM


MARTIN A. WICKEN,
Defendant-Appellant.


MEMORANDUM AND ORDER

This matter is before the court on defendant Martin A. Wicken's combined objections with motions to vacate the judgment pursuant to 59(e-f) and to reconsider the judgment in accordance with rule 60(b)(1-6). (Dkt. No. 32). The defendant's motion fails to articulate any grounds justifying such relief.

The defendant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on August 18, 2008. (Dkt. No. 23). On February 18, 2009, this court issued an order denying his motion. (Dkt. No. 27).

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted to correct manifest errors of fact or law, or in light of newly discovered evidence. *Buell v. Security General Life Ins. Co.,* 784 F.Supp. 1533, 1535 (D.Colo.1992), *aff'd,* 987 F.2d 1467 (10th Cir.1993), *cert. denied,* 510 U.S. 916, 114 S.Ct. 308, 126 L.Ed.2d 255 (1993). A motion to alter or amend is directed not at initial consideration, but reconsideration. *Buell,* 784 F.Supp. at 1535. Such reconsideration is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable

law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990). *Refrigeration Sales Co. v. Mitchell-Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill.1983), *aff 'd,* 770 F.2d 98 (7th Cir.1985).  A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.,* 846 F.Supp. 1482 (D.Kan. 1994), *aff 'd,* 43 F.3d 1484 (10th Cir.1994).  The resolution of the motion is committed to the sound discretion of the court.  *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988).

After a careful review of the record, the court finds that: 1) there is no new evidence and 2) the court did not misapprehend the facts, plaintiff's position or the controlling law.  Wicken failed to articulate any grounds justifying relief.

IT IS ACCORDINGLY ORDERED this 26th day of June, 2009, that defendant's combined objections to vacate the judgment pursuant to 59(e-f) and to reconsider the judgment in accordance with rule 60(b)(1-6), (Dkt. No. 32), is denied.


s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE