IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                                             No. 07-10045-JTM

MARTIN WICKEN,

          Defendant.

O R D E R

This matter is before the court on defendant Martin Wicken's Application for Certificate of Appealability. On February 18, 2009, the court denied Wicken's Motion for Relief under 28 U.S.C. § 2255.

A certificate of appealability may be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant may make such a showing only by demonstrating that the issue raised is debatable among reasonable jurists, that a court should resolve the issue differently, or that the question presented deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

When the court denies a § 2255 motion on procedural grounds, a certificate of appealability depends on the applicant's showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478 (2000) (construing 28 U.S.C. § 2253(c)). If issued, the certificate must "indicate which specific issue or issues satisfy the showing." 28 U.S.C. § 2253(c)(3).

In its prior order, after carefully reviewing the record before it, the court concluded: 1) Wicken's guilty plea and waiver of rights were valid; 2) Wicken specifically agreed to waive his right to collaterally attack the conviction and sentence; 3) Wicken's waiver of his right to collaterally attack the conviction and sentence was knowing and voluntary; and 4) enforcement of the waiver does not result in a miscarriage of justice. (Dkt. No. 27).

Here, Wicken has submitted a short motion stating only the need of a certificate to proceed further. He made no attempt to show that the resolution of the issues raised in his earlier motion would be debatable among jurists, should be resolved differently, or deserves further consideration. Nor, having reviewed the issues raised in Wicken's § 2255 motion, is there any basis for the court to reach such a conclusion.

IT IS ACCORDINGLY ORDERED this 28th day of July, 2009 that the defendant's Application for Certificate of Appealability (Dkt. No. 41) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE