IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.                                                            No. 07-10045-JTM-01

MARTIN A. WICKEN,

      Defendant-Appellant.

MEMORANDUM AND ORDER

The defendant has filed a Motion to Review Sentence Pursuant to 18 U.S.C. § 3742(a)(1)(2) (Doc. 46). The government responded by filing a Motion to Enforce Plea Agreement and to Dismiss Defendant's Motion to Review Sentence (Doc. 47). The court grants the government's Motion and dismisses the defendant's Motion.

As more fully set out in the government's response, defendant is out of time to make a direct appeal of his 2007 conviction and sentence under § 3742, yet that is the statute he cites as authority for his motion. Furthermore, he entered into a plea agreement in which he freely and voluntarily waived his rights to direct appeal and any collateral relief not reserved by *United States v. Cockerham*, 237 F.3d 1179, 1183–87 (10th Cir. 2001). Defendant's waiver complies with *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) and is fully enforceable. Nevertheless, defendant filed a 18 U.S.C. § 2255 collateral attack of his sentence, which the court denied (Doc. 37). The Court also denied a certificate of appealability (Doc. 42). The Tenth Circuit dismissed defendant's appeal on his § 2255 motion for lack of prosecution (Doc. 45). Thus, this court is without jurisdiction, as it is a second or successive motion for relief under 28 U.S.C. § 2244.

**I. Factual Background**

The defendant pleaded guilty to being a felon in possession and was sentenced to the statutorily-required 180 months in prison (Doc. 22), a sentence within the sentencing guidelines. *See* USSG §4B1.1. The plea agreement contains the following language:

> **Waiver of Appeal and Collateral Attack**. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. *The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C.§ 3582(c)(2) and a motion brought under Fed. Rule Civ. Pro 60(b).* In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

(Doc. 15, ¶ 10, at 5-6 [emphasis added]).

The defendant also presented to the court a Petition to Enter Plea of Guilty, in which he swore that his plea of guilty was made as a result of the plea agreement, freely and voluntarily, and with a full understanding of all matters related thereto (Doc. 14). Specifically, the defendant acknowledged in both the Plea Agreement and the Petition to Enter Plea of Guilty that sentencing was at the court's discretion and that he would not be permitted to withdraw his guilty plea if the court were to impose a sentence with which he did not agree. The appeal waiver was specifically addressed by the court during the plea colloquy, and the defendant acknowledged under oath that he understood.

**II. Legal Findings**

The Tenth Circuit has created a three-part inquiry to resolve appeals brought by defendants who have waived their rights to appeal and collaterally attack in a plea agreement. *United States v. Hahn,* 359 F.3d 1315, 1325 (10th Cir. 2004). The court must determine: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as we define herein." *Id*. The court determines that each of the *Hahn* factors is satisfied in this case.

*A. Scope of the Defendant's Waiver*

Federal courts will strictly construe appeal waivers "and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights." *Hahn,* 359 F.3d at 1325. A waiver of collateral rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made. *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). Claims asserting that because of counsel's ineffectiveness either the plea or the waiver is invalid are not subject to waiver. *Id.* at 1187. However, collateral attacks based on ineffective assistance claims that fall outside that category are waivable. *Id*.

By its own terms, the defendant's motion is not related to the validity of the plea agreement and waiver; rather, it relates to sentencing issues and waivable ineffective assistance claims not covered by *Cockerham*. The court sentenced the defendant within the guideline range consistent with the terms of the collateral attack waiver. Therefore, the defendant has waived his right to challenge his sentence on these grounds.

*B. Knowing and Voluntary Waiver*

The Petition to Enter Plea of Guilty, the Plea Agreement and the plea colloquy all indicate that the defendant's plea of guilty, including his agreement to waive direct appeal and collateral attack of the conviction and sentence, was made knowingly, freely and voluntarily. The defendant has set forth no specific facts indicating that his counsel was ineffective in advising the defendant regarding the proposed plea agreement and waiver. Accordingly, the record supports the determination that the defendant knowingly, voluntarily and intelligently waived his appellate rights.

*C. Miscarriage of Justice*

The court held in *Hahn* that enforcement of an appellate waiver does not result in a miscarriage of justice unless one of four situations is present: (1) the district court relied upon an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in plea negotiations, rendering the waiver invalid; (3) the defendant's sentence exceeded the statutory maximum; or (4) the waiver is otherwise unlawful. *Id.*, 359 F.3d at 1327. Further, the court held that in order to satisfy the fourth requirement, the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. *Id*.

The defendant alleges only the fourth situation in his petition. In *Hahn*, the phrase "otherwise unlawful" meant that something about the waiver itself so violates the integrity or reputation of the criminal justice system that it cannot be allowed to stand. Nothing like that is present here. As a result, the court finds that the defendant's appellate waiver did not result in a miscarriage of justice.

IT IS ACCORDINGLY ORDERED this 16th day of October 2012, that the government's Motion to Enforce Plea Agreement and to Dismiss Defendant's Motion to Review Sentence (Doc. 47) is granted, and the defendant's Motion for Review of Sentence (Doc. 46) is dismissed.

IT IS FURTHER ORDERED that the defendant's Motion for Leave to Proceed In Forma

4

Pauperis (Doc. 48) and Motion to Supplement or Amend Pursuant to Rule 15 (Doc. 49) are denied as moot.

s/J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE