IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         Case No. 07-10045-JTM

MARTIN A. WICKEN,

        Defendant.

MEMORANDUM AND ORDER

The court has before it defendant Martin Wicken's motion to set aside sentence pursuant to FED. R. CIV. P. 60(b)(1)–(6) (Dkt. 60) and motion for leave to proceed in forma pauperis (Dkt. 61). Wicken's motion fails to articulate any grounds justifying such relief.

Wicken filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on August 18, 2008. (Dkt. No. 23). On February 18, 2009, this court issued an order denying his motion. (Dkt. No. 27). Wicken filed a combined motion to vacate under Rule 59 and motion to reconsider under Rule 60(b) on April 30, 2009. (Dkt. 32). The court denied these motions in an order dated June 29, 2009. (Dkt. 37). Wicken filed a certificate of appealability on July 10, 2009. (Dkt. 41). The court denied it in an order on July 28, 2009. (Dkt. 42). Wicken filed a motion to reduce sentence pursuant to 18 U.S.C. § 3742(a). (Dkt. 46). The court denied the motion on October 16, 2012. (Dkt. 51). Wicken filed another motion for certificate of appealability on November 8, 2012. (Dkt. 52). The court denied this motion as well. (Dkt. 57).

Now Wicken has filed a second motion pursuant to Rule 60(b) asking the court to set aside his sentence. When a Rule 60 motion is, in effect, a second or successive § 2255 motion, it cannot be filed in district court without approval by a panel of the appropriate U.S. Court of Appeals. *United States v. Nelson*, 465 F.3d 1145, 1148–49 (10th Cir. 2006). If the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading. *Id*. at 1148. Whether a postjudgment pleading should be construed as a successive § 2255 motion depends on whether the pleading (1) seeks relief from the conviction or sentence or (2) seeks to correct an error in the previously conducted habeas proceeding itself. *Id.* at 1147 (citing *Gonzales v. Crosby*, 545 U.S. 524 (2005)). A pleading asserting a "new ground for relief" from the judgment is advancing a new claim and is therefore treated as a successive motion. *Id*. If the pleading only attacks some defect in the integrity of the federal habeas proceedings, then it is not advancing a new claim and should not be characterized as a successive petition. *Id*.

Wicken's motion requests relief for ineffective assistance of counsel, arguing that his attorney failed to investigate and object to the use of an unqualified informant by the state in establishing probable cause. Wicken's pleading does not advance a defect in the integrity of the initial federal habeas proceedings. Rather, Wicken plainly asserts a "new ground for relief" from his judgment. This motion must be construed as a successive § 2255 motion. *See Nelson*, 465 F.3d at 1147. Accordingly, the district court does not even have jurisdiction over the claim. *Id.* at 1148. The court, therefore, dismisses the motion for lack of jurisdiction.

IT IS THEREFORE ORDERED this 7th day of March, 2013, that Wicken's motion to reconsider (Dkt. 60) is denied. The court grants Wicken's motion to proceed in forma pauperis (Dkt. 61).

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE